OPINION
This is an accelerated calendar case submitted to this court on the briefs of the parties.
Appellant, State of Ohio, appeals the judgment of the trial court granting the motion of appellee, Charles R. Novak, Jr., to suppress the evidence against him. For the reasons that follow, we hold that the trial court erred in granting the motion to suppress, and we reverse the judgment of the trial court.
The following facts are relevant to a determination of this appeal. On May 2, 1998, at approximately 4:10 p.m., Trooper L.S. Woodward of the Ohio State Highway Patrol stopped appellee on Sandy Lake Road in Portage County, Ohio because appellee's car was missing a right headlight assembly. Trooper Woodward spoke to appellee near the rear of appellee's vehicle, where the officer asked for appellee's license and registration. Appellee stated that his license and registration were at home, which was only four houses away.
 Trooper Woodward noticed that appellee's eyes were glassy and bloodshot, and that appellee had an odor of an alcoholic beverage about him. Additionally, appellee's speech was fast, loud, and slurred according to the officer. Accordingly, suspecting that appellee may have been under the influence of alcohol, Trooper Woodward had appellee sit in the police cruiser while a horizontal gaze nystagmus ("HGN") test was administered. Based upon the results of that test, Trooper Woodward had appellee step out of the cruiser in order to be given additional field sobriety tests. Appellee failed the "one leg stand" test and refused to complete the "walk and turn" test. At that time, Trooper Woodward stated that he placed appellee under arrest for driving under the influence ("DUI"), gave him his Miranda warnings, and transported him to the Highway Patrol Post where a BAC test was administered. Appellee, who had admitted after his arrest that he had consumed four beers, tested above the legal limit.
Appellee entered a plea of not guilty and, on July 8, 1998, he filed a motion to suppress in the trial court. Appellee claimed that Trooper Woodward had no reasonable suspicion that a crime had occurred such that would warrant an investigatory stop. He also asserted that the officer lacked probable cause to arrest on the charge of driving under the influence of alcohol. Both parties agreed to let the trial court decide appellee's motion strictly on Trooper Woodward's written statement and report without any further evidentiary hearing.
On September 15, 1998, the trial court granted appellee's motion to suppress with respect to the second issued of probable cause to arrest. The trial court stated, in part, that "[t]he officer did not observe signs of impaired or illegal driving and, therefore, lacked probable cause to arrest."
Appellant timely appealed the trial court's decision pursuant to Crim.R. 12(J) and has now set forth a single assignment of error. Appellant contends that the trial court erred in granting appellee's motion to suppress relative to the probable cause to arrest. Specifically, appellant maintains that the trial court mistakenly concluded that because Trooper Woodward did not observe any signs of impaired or illegal driving, there was no probable cause to arrest appellee. We agree with appellant's position.
It is well established in Ohio that a police officer does not have to witness erratic driving in order to establish probable cause to arrest for DUI. State v. Wargo (Oct. 31, 1997), Trumbull App. No. 96-T-5528, unreported, at 5-6. In State v. Getzy (Nov. 14, 1997), Lake App. No. 97-L-020, unreported, at 4, this court held as follows:
 "`If the officer does not actually observe the "bad driving," probable cause to arrest must be based upon all the facts and circumstances within the officer's knowledge to cause a prudent person to believe that the appellant had committed the offense. Absent this, the officer may not effectuate a valid arrest.' State v. McKivigan (Jan. 27, 1989), Portage App. No. 1905, unreported, at 5."
 Based upon the facts of this case, it is clear that Trooper Woodward had probable cause to arrest appellee. After properly stopping appellee for an equipment violation, Trooper Woodward smelled a strong odor of alcohol on appellee, noticed that his eyes were glassy and bloodshot, and observed that his speech was fast, loud, and slurred. Appellee proceeded to fail a variety of field sobriety tests. Upon these facts, Trooper Woodward properly placed appellee under arrest for DUI. See State v. McFadden (Apr. 3, 1998), Lake App. No. 97-L-139, unreported; and Wargo, supra, which are similar cases from this district.
Appellee attempts to argue that he was placed under arrest when he was not allowed to leave the scene to retrieve his license and registration and then he was ordered to sit in the police cruiser. At that point in time, none of the field sobriety tests had been performed. This argument is without merit, however, as Trooper Woodward specifically stated that appellee was not placed under arrest until after he had failed the series of field sobriety tests. Appellee was merely detained while an investigation occurred as to whether or not appellee had violated the DUI laws. Suspects can be detained without probable cause to arrest when there are articulable facts which give rise to a reasonable suspicion that criminal activity has occurred. Terry v.Ohio (1968). 392 U.S. 1. Clearly, the facts of this case provided reasonable suspicion for Trooper Woodward to detain appellee.
Based upon the foregoing analysis, the trial court erred in granting appellee's motion to suppress. Appellant's sole assignment of error is sustained. The judgment of the trial court is reversed and the matter remanded for further proceedings consistent with this opinion.
 _____________________________ JUDGE WILLIAM M. O'NEILL
FORD, P.J., NADER, J., concur.